Served by _Grace Fernlund_ up # A1030a4
Date Served _1/6/21_   Time _1306_
Constable / Deputy Constable / Private Investigator / Process Server

UTAH COUNTY CONSTABLE ANTHONY FERNLUND
40 N 100 E PROVO UT 801 374 8018

James Tucker Hansen, Bar No. 5711
Laramie D. Merritt, Bar No. 7254
HANSEN LAW, P.C.
Attorneys for Plaintiff
233 S. Pleasant Grove Blvd., Suite 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
e-mail: dwoodcox@cenralutahlaw.com

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **SM MEDICAL HOLDINGS CORPORATIONS,** | **SUMMONS** |
| Plaintiff, | |
| vs. | Case No. |
| **MBA ADMINISTRATORS aka MBA BENEFIT ADMINISTRATORS, INC.** Phyllis Kaye Merrill, Registered Agent 612 Lincoln Place Murray, Utah 84107 | |
| Defendant. | |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the above-entitled Court, an Answer in writing to a Complaint to be filed in the above-entitled case, and to serve upon, or mail to Plaintiff=s attorney, **LARAMIE D. MERRITT**, 233 S. Pleasant Grove Blvd., Suite 202, Pleasant Grove, Utah 84062, a copy of your Answer, within **TWENTY-ONE (21)** days after service of this Summons upon you.

If you fail so to do, Judgment by Default will be taken against you for the relief

demanded in said Complaint which, within ten (10) days after service of this Summons on you, will be filed with the Clerk of the Court. A copy of the Complaint, if not served upon you, will be deposited with the Clerk of the Court and you may there obtain a copy. If the Complaint is not filed with the Clerk within ten (10) days after service, you need not answer. **FOURTEEN (14)** days after service, you may call the Clerk to determine whether the Complaint was timely filed. The address and phone number of the Court is 75 East 80 North, Ste 202, American Fork, Utah 84003, telephone (801) 756-9654. See the attached Complaint.

DATED this 15th day of December, 2020.

HANSEN LAW, P.C.

/s/ Laramie D. Merritt

LARAMIE D. MERRITT
ATTORNEY FOR PLAINTIFF

James Tucker Hansen, Bar No. 5711
Laramie D. Merritt, Bar No. 7254
HANSEN LAW, P.C.
Attorneys for Plaintiff
233 S. Pleasant Grove Blvd., Suite 202
Pleasant Grove, Utah 84062
Telephone: (801) 443-2380
Facsimile: (801) 796-0984
email: dwoodcox@centralutahlaw.com

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **SM MEDICAL HOLDINGS CORPORATION,** | **COMPLAINT** |
| Plaintiff, | Case No. |
| vs. | |
| **MBA ADMINISTRATORS aka MBA BENEFIT ADMINISTRATORS, INC.,** | |
| Defendant. | |

Plaintiff, for cause of action against the Defendant, asserts, alleges and complains as follows:

### FIRST CAUSE OF ACTION

#### (Breach of Contract)

1. Defendant is a Utah Corporation duly formed and doing business in Salt Lake County, State of Utah.

2. The amount claimed is less than $20,000.00, exclusive of costs.

3. Plaintiff purchased certain medical receivables in the bankruptcy of Neighbors Emergency Centers, an emergency center with locations in the State of Texas, one of which was a

medical receivable due from the Defendant.  See *Bill of Sale* from Tensic Axton, Liquidating Trustee, attached hereto as Exhibit "A" and incorporated herein by this reference.

4. Based on the information received in conjunction with the above-described *Bill of Sale,* Defendant owed to Neighbors Emergency Centers, and now owes to Plaintiff, the amount of Five Thousand Three Hundred Eighty and 47/100 Dollars ($5,380.47) as of October 20, 2020.  See *Statement* attached hereto as Exhibit "B" and incorporated herein by reference.

5.  Plaintiff initiated an action in the Superior Court of New Jersey, Law Division, in Hunterdon County, against multiple debtors of Neighbors Emergency Centers, including against MBA Administrators. That action was subsequently dismissed without prejudice due to issues with jurisdiction, as Defendant is a corporation with its primary place of business in Utah.

6. The amount due and owing should accrue interest at the rate of 10% per annum before Judgment and at the rate of 3.53% per annum after Judgment from October 20, 2020, until paid in full.

6. On information and belief, Defendant has no good faith defense to the matters raised herein and any defense asserted by the Defendant herein is without merit and not brought or asserted in good faith. Therefore, if this matter is contested, but ultimately judgment is awarded to Plaintiff, then Plaintiff shall be entitled to the sum of Seven Hundred Fifty Dollars ($750.00), in attorney fees, (plus such attorney fees as are incurred subsequent to judgment), unless Plaintiff files for attorney fees pursuant to Rule 73(f)(4) of the Utah Rules of Civil Procedure and provides a supporting affidavit of attorney fees incurred, as provided by contract.  Plaintiff reserves the right to seek judgment for all attorney fees and court costs incurred in this action.  Plaintiff's

attorney will not share the fee in violation of Rule of Professional Conduct 5.4.

## SECOND CAUSE OF ACTION

(Unjust Enrichment)

7.  Plaintiff realleges and incorporates herein each of the preceding paragraphs.

8.  Defendant has received the benefit of the medical accounts purchased through the *Bill of Sale* as described above and Plaintiff alleges upon information and belief that the said Defendant has not paid for the balance due on said accounts.

9.  To allow the Defendant to retain the benefit received from the medical accounts purchased by the Plaintiff without making just compensation to the Plaintiff for said benefit would result in an unconscionable and unjust enrichment of the said Defendant at the expense of Plaintiff.

10.  Plaintiff is entitled to Judgment against the Defendant if it is unjustly enriched.

11.  The amount of the unjust enrichment received by Defendant is the sum of $5,380.47, plus interest accruing at the rate of 10% per annum before Judgment from October 20, 2020, and at the rate of 3.53% per annum after Judgment until paid in full, court and collection costs and a reasonable attorney's fee as provided by law.

12.  On information and belief, Defendant has no good faith defense to the matters raised herein and any defense asserted by the Defendant herein is without merit and not brought or asserted in good faith. Therefore, if this matter is contested, but ultimately judgment is awarded to Plaintiff, then Plaintiff shall be entitled to the sum of Seven Hundred Fifty Dollars ($750.00), in attorney fees, (plus such attorney fees as are incurred subsequent to judgment), unless Plaintiff files for attorney fees pursuant to Rule 73(f)(4) of the Utah Rules of Civil Procedure and provides

a supporting affidavit of attorney fees incurred, as provided by contract. Plaintiff reserves the right to seek judgment for all attorney fees and court costs incurred in this action. Plaintiff's attorney will not share the fee in violation of Rule of Professional Conduct 5.4.

WHEREFORE, Plaintiff demands Judgment against the Defendant as follows:

**ON PLAINTIFF'S FIRST CAUSE OF ACTION:**

1. For Judgment against the Defendant in the principal sum of $5,380.47, plus, if this matter is contested but ultimately judgment is awarded to Plaintiff, reasonable attorney fees in the sum of $750.00, (plus such attorney fees as are incurred subsequent to judgment), unless Plaintiff files for attorney fees pursuant to Rule 73(f)(4) of the Utah Rules of Civil Procedure and provides a supporting affidavit of attorney fees incurred, as provided by contract, plus such attorney fees as are incurred subsequent to Judgment, plus interest at the rate of 10% per annum before judgment and at the rate of 3.53% per annum after judgment from October 20, 2020, until paid in full.

**ON PLAINTIFF'S SECOND CAUSE OF ACTION:**

2. For Judgment against the Defendant in the principal sum of $5,380.47, plus, if this matter is contested but ultimately judgment is awarded to Plaintiff, reasonable attorney fees in the sum of $750.00, (plus such attorney fees as are incurred subsequent to judgment), unless Plaintiff files for attorney fees pursuant to Rule 73(f)(4) of the Utah Rules of Civil Procedure and provides a supporting affidavit of attorney fees incurred, as provided by contract, plus such attorney fees as are incurred subsequent to Judgment, plus interest at the rate of 10% per annum before judgment and at the rate of 3.53% per annum after judgment from October 20, 2020, until paid in

full.

     3. For such other and further relief as to the court appears just and equitable in the premises.

     Date: January 6, 2021.

                    HANSEN LAW, P.C.

                    /s/ Laramie D. Merritt

                    LARAMIE D. MERRITT
                    ATTORNEY FOR PLAINTIFF

# <u>EXHIBIT A</u>

Bill of Sale

## BILL OF SALE

For good and valuable consideration received in the amount of ¨¨
the receipt and sufficiency of which are hereby acknowledged, NEC AMARILLO EMERGENCY CENTER, LP, NEC BEAUMONT EMERGENCY CENTER, LP, NEC BROWNSVILLE EMERGENCY CENTER, LP, NEC HARLINGEN EMERGENCY CENTER, LP, NEC LUBBOCK EMERGENCY CENTER, LP, NEC MCALLEN EMERGENCY CENTER, LP, NEC ORANGE EMERGENCY CENTER, LP, AND NEC PORT ARTHUR EMERGENCY CENTER, LP, (jointly and severally, "**Seller**") do hereby GRANT, BARGAIN, SELL, CONVEY, ASSIGN, TRANSFER, SET OVER AND DELIVER to SM MEDICAL HOLDINGS CORPORATION ("**Buyer**"), effective as of this 1st day of June 2020 (the "**Effective Date**"), all of Seller's right, title, and interest in and to all accounts receivable whether accrued, current or overdue, and all rights to payment from third parties (including uncashed checks) as of the Effective Date, in each case other than intercompany indebtedness (collectively, the "**Receivables**").

TO HAVE AND TO HOLD the Receivables unto Buyer, its successors and assigns, forever, subject, however, to all the terms and conditions of this Bill of Sale (this "**Bill of Sale**").

SELLER MAKES NO REPRESENTATION OR WARRANTY WHATSOEVER OF ANY KIND, EXPRESS OR IMPLIED, BY STATUTE OR OTHERWISE CONCERNING THE RECEIVABLES, INCLUDING ANY (a) IMPLIED WARRANTY OF MERCHANTABILITY; (b) WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; OR (c) WARRANTY OF TITLE; WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE, OR OTHERWISE.

BUYER HEREBY ACKNOWLEDGES AND AGREES THAT THE RECEIVABLES ARE SOLD, ASSIGNED AND TRANSFERRED ON AN "AS IS, WHERE IS" BASIS "WITH ALL FAULTS" AND THAT SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, TERMS, UNDERSTANDINGS OR AGREEMENTS OF ANY KIND, EXPRESS OR IMPLIED, BY STATUTE OR OTHERWISE CONCERNING THE RECEIVABLES OR THE CONDITION OR USEFULNESS THEREOF.

BUYER REPRESENTS TO SELLER THAT BUYER HAS UNDERTAKEN SUCH INVESTIGATION AND INSPECTION AS BUYER DEEMED NECESSARY TO MAKE BUYER FULLY AWARE OF THE CONDITION OF THE RECEIVABLES. BUYER FURTHER REPRESENTS AND WARRANTS TO SELLER THAT BUYER HAS RELIED AND SHALL RELY SOLELY ON BUYER'S OWN INVESTIGATION AND INSPECTION IN DETERMINING TO PURCHASE THE RECEIVABLES.

BUYER, FOR ITSELF AND ON BEHALF OF ITS SUCCESSORS AND ASSIGNS, HEREBY FOREVER RELEASES AND DISCHARGES SELLER FROM ANY AND ALL LIABILITY, RESPONSIBILITY, CLAIMS, DAMAGES, LOSSES AND EXPENSES, KNOWN OR UNKNOWN, FORSEEN OR UNFORSEEN, ARISING OUT OF OR RELATED IN ANY WAY TO THE RECEIVABLES OR ITS SUITABILITY FOR ANY PURPOSE.

This Bill of Sale and the transactions contemplated hereby shall be construed in accordance with, and governed by, the laws of the State of Texas without giving effect to any rules or principles of conflicts of law that might otherwise refer to the laws of another jurisdiction. Seller and Buyer each submit to the exclusive jurisdiction of (a) the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") for so long as the Seller's bankruptcy cases remain open and (b) after the close of such bankruptcy cases or in the event that the Bankruptcy Court determines that it does not have jurisdiction, the United States District Court for the Southern District of Texas or any Texas State court sitting in Houston, Texas (together with the Bankruptcy Court, the "**Chosen Courts**"). Solely in connection with claims arising under this Bill of Sale, Seller and Buyer each (i) irrevocably submits to the exclusive jurisdiction of the Chosen Courts, (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Courts, (iii) waives any objection that the Chosen Courts are an inconvenient forum or do not have jurisdiction over any party hereto, and (iv) agrees that service of process upon such party in any such action or proceeding shall be effective if notice is delivered to Seller or Buyer, as applicable, at its address beneath its signature to this Bill of Sale below.

This Bill of Sale may be executed in any number of counterparts, and each such counterpart hereof (including any such counterpart delivered by electronic transmission) shall be deemed to be an original instrument, but all of such counterparts shall constitute for all purposes one agreement.

*[Signature pages follow]*

2

IN WITNESS WHEREOF, Buyer and Seller have executed this Bill of Sale as of the
Effective Date.

**SELLER:**

NEC Amarillo, LP
NEC Beaumont, LP
NEC Brownsville, LP
NEC Harlingen Emergency Center, LP
NEC Lubbock Emergency Center, LP
NEC McAllen Emergency Center, LP
NEC Orange Emergency Center, LP
NEC Port Arthur Emergency Center, LP

By:     Neighbors GP, LLC,
        in its capacity as General Partner

By: Tensie Axton, in her capacity as Liquidating
Trustee of the liquidating trust created and governed
by the Liquidating Trust Agreement, dated as of
April 8, 2019, executed in connection with the *Order
Approving Debtors' Second Amended Disclosure
Statement and Confirming Debtors' First Amended
Joint Plan of Liquidation of Neighbors Legacy
Holdings, Inc. and its Debtor Affiliates under
Chapter 11 of the Bankruptcy Code,* [Docket No.
0847], filed in Case No. 18-33836 in the United
States Bankruptcy Court for the Southern District of
Texas

Address:

1301 McKinney St, Ste 3500
Houston, TX 77010

[Signature Page to Bill of Sale]

7408500v1

BUYER:

SM Medical Holdings Corporation

By: _____
Name: Steven Schick
Title: Secretary

Address:
49 Old Turnpike Road  POB 630
Oldwick, NJ 08858

[Signature Page to Bill of Sale]

7-0085900 1

# EXHIBIT B

Statement

| Year of Primary Insured Date of Birth | Month of Primary Insured Date of Birth | Day of Primary Insured Date of Birth | Primary Insured Name | Primary Insured Relation | Primary Policy | Primary State | Primary Zip | Date of Service | Charge ID | Diagnosis | CPT | Charges by line | Insurance Payments | Patient Payments | Adjustment Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145417 | K80.20 | 99283 | $ 1,400.00 | $ - | $ - | 0 | $ 1,400.00 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145418 | K80.20 | 81003 | $ 168.37 | $ - | $ - | 0 | $ 168.37 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145419 | K80.20 | 82040 | $ 42.88 | $ - | $ - | 0 | $ 42.88 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145420 | K80.20 | 84075 | $ 44.60 | $ - | $ - | 0 | $ 44.60 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145421 | K80.20 | 84460 | $ 175.31 | $ - | $ - | 0 | $ 175.31 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145422 | K80.20 | 82150 | $ 275.52 | $ - | $ - | 0 | $ 275.52 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145423 | K80.20 | 84450 | $ 195.82 | $ - | $ - | 0 | $ 195.82 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145424 | K80.20 | 82977 | $ 101.27 | $ - | $ - | 0 | $ 101.27 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145425 | K80.20 | 82247 | $ 102.17 | $ - | $ - | 0 | $ 102.17 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145426 | K80.20 | 84155 | $ 38.25 | $ - | $ - | 0 | $ 38.25 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145427 | K80.20 | 80051 | $ 364.75 | $ - | $ - | 0 | $ 364.75 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/1/2018 | 145429 | K80.20 | 84520 | $ 166.86 | $ - | $ - | 0 | $ 166.86 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145430 | K80.20 | 82550 | $ 229.60 | $ - | $ - | 0 | $ 229.60 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145430 | K80.20 | 82565 | $ 191.34 | $ - | $ - | 0 | $ 191.34 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145431 | K80.20 | 82947 | $ 144.23 | $ - | $ - | 0 | $ 144.23 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145432 | K80.20 | 81025 | $ 124.12 | $ - | $ - | 0 | $ 124.12 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/2/2018 | 145433 | K80.20 | 85025 | $ 267.87 | $ - | $ - | 0 | $ 267.87 |
| 1990 | April | 15 | ARCIA, PAO | Self | 4.73E+08 | UT | 84157 | 3/1/2018 | 145434 | K80.20 | 76705 | $ 1,347.51 | $ - | $ - | 0 | $ 1,347.51 |

Total Balance:                     $5,380.47